ELECTRONICALLY FILED
2018 May 14 AM 11:34
CLERK OF THE ATCHISON COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-000040

# IN THE DISTRICT COURT OF ATCHISON COUNTY, KANSAS

| | |
|---|---|
| GRIFFITTS & CODER CUSTOM CHOPPING, LLC, BRADLEY A. GRIFFITTS, & TIMOTHY L. CODER, <br><br> *Plaintiffs*, <br><br> v. <br><br> CNH INDUSTRIAL AMERICA LLC, <br><br> *Defendant.* | Case No. 2018-CV-_____ |

*Pursuant to K.S.A. Chapter 60*

## PETITION

Plaintiffs Griffitts & Coder Custom Chopping, LLC ("G&C"), Bradley A. Griffitts ("Griffitts"), and Timothy L. Coder ("Coder") (collectively, "the Plaintiffs"), by and through their attorney Diane L. Bellquist of Joseph, Hollander & Craft, LLC, for their causes of action against Defendant CNH Industrial America LLC ("CNH") state:

1. Plaintiffs G&C is a limited liability company organized under the laws of the state of Kansas and doing business in the state of Kansas.

2. Plaintiffs G&C operate its custom chopping and manure spreading business from 4223 Haskell Road, Effingham, Atchison County, Kansas.

3. Plaintiff Griffitts is an individual who resides in Jefferson County, Kansas.

4. Plaintiff Coder is an individual who resides in Atchison County, Kansas.

1

**EXHIBIT A**

5.   CNH is a limited liability company organized under the laws of Delaware, which is registered as a foreign limited liability company doing business in Kansas with the following registered office and agent to accept service of process:   The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

6.   CNH sells New Holland Agricultural Equipment through authorized dealers throughout the United States, including dealers located in Kansas.

7.   Agri Center, located at 920 Wilbeck Drive, South Hutchinson, Reno County, Kansas ("Agri Center"), is an authorized dealer of New Holland Agricultural Equipment.

8.   On or about January 23, 2016, the Plaintiffs purchased with financing through Agri Center two (2) new 2016 New Holland T8.380 AUTO COMMAND tractors.

9.   On or about March 24, 2016, the Plaintiffs purchased through Agri Center one (1) new 2015 New Holland T8.435 AUTOCOMMAND tractor.

10.   On or about May 3, 2016, the Plaintiffs purchased through Agri Center two (2) new 2016 New Holland T8.380 POWERSHIFT tractors.

11.   On fulfillment of each purchase, the Plaintiffs were provided by Agri Center CNH Industrial America LLC's standard Warranty and Limitation of Liability Agreement New Holland Agricultural Equipment ("NHAG Warranty").

12.   On fulfillment of each purchase, a representative of Agri Center and a representative of the Plaintiffs signed each NHAG Warranty.

2

**EXHIBIT A**

13. All T8 tractors were advertised to have precision farming/guidance systems.

14. The precision farming/guidance systems have materially and substantially failed to operate.

15. All of the T8 tractors have suffered numerous mechanical failures.

16. The Plaintiffs gave notice to the Defendant of these issues on many occasions.

17. The Plaintiffs' purchases of all five (5) New Holland T8 tractors were financed through an AgDirect/Farm Credit Leasing Services Corporation lease-back arrangement under which all manufacturer warranties remain with the Plaintiffs.

18. Due to all the mechanical failures, the tractors combined have about 6,900 fewer hours than were anticipated and bargained for in the lease-back arrangement.

## Count One – Breach of Express Warranty

19. All the foregoing paragraphs are incorporated by reference.

20. Pursuant to the NHAG Warranty, CNH expressly warranted the materials and workmanship of the T8 tractors purchased by the Plaintiffs and agreed to repair defects in materials and workmanship of the T8 tractors.

21. The NHAG Warranty is supported by valid consideration in the form of the purchase price paid for the T8 tractors.

22. CNH breached its express warranty by failing to repair defects in materials and workmanship of the T8 tractors.

3

**EXHIBIT A**

23.   As result of CNH's breach of its express warranty, the Plaintiffs have suffered damages in an amount which cannot be determined until the conclusion of this lawsuit, but which may exceed $75,000.

**WHEREFORE**, the Plaintiffs pray for damages from the Defendant in an amount which cannot be determined until the conclusion of this lawsuit, but which may exceed $75,000; for pre- and post-judgment interest at the statutory rate; for costs; for attorneys' fees; and for such other relief as the Court deems just a proper.

### Count Two - Breach of Implied Warranty of Merchantability

24.   All the foregoing paragraphs are incorporated by reference.

25.   CNH impliedly warrants the merchantability of the goods it customarily sells, meaning it warrants that the goods are fit for the ordinary purposes for which such goods are used.

26.   CNH customarily sells New Holland tractors, such as the T8 tractors sold to the Plaintiffs.

27.   The T8 tractors sold to the Plaintiffs were defective and not fit for the ordinary purposes for which they are used.

28.   These defects existed at the time of each sale.

29.   Because the T8 tractors sold to the Plaintiffs were not fit for the ordinary purposes for which they are used, CNH breached the implied warranty of merchantability.

4

**EXHIBIT A**

30. As a result of CNH's breach of the implied warranty of merchantability, The Plaintiffs have suffered damages in an amount which cannot be determined until the conclusion of this lawsuit, but which may exceed $75,000.

**WHEREFORE,** the Plaintiffs pray for damages from the Defendant in an amount which cannot be determined until the conclusion of this lawsuit, but which may exceed $75,000; for pre- and post-judgment interest at the statutory rate; for costs; for attorneys' fees; and for such other relief as the Court deems just a proper.

### Count Three – Unconscionable Acts and Practices
### in Violation of the Kansas Consumer Protection Act

31. All the foregoing paragraphs are incorporated by reference.

32. Plaintiff Griffitts and Plaintiff Coder are "consumers" as that term is defined by K.S.A. 50-264(b).

33. CNH is a "supplier" as that term is defined by K.S.A. 50-264(l).

34. Each of the Plaintiffs' purchases of the five (5) aforementioned New Holland T8 tractors was a "consumer transaction" as that terms is defined by K.S.A. 50-264(c).

35. In connection with that consumer transaction, CNH engaged in the following unconscionable acts and practices:

    a.    Plaintiff Griffitts and Plaintiff Coder were unable to receive a material benefit from the subject of the transaction; and

    b.    The transaction CNH induced Plaintiff Griffitts and Plaintiff Coder to enter was excessively one sided in favor of CNH.

**EXHIBIT A**

36.     As a result of these deceptive acts and practices, Plaintiff Griffitts and Plaintiff Coder have suffered damages in excess of $75,000.

**WHEREFORE**, the Plaintiffs pray for an order that the Defendant pay damages or a civil penalty as provided in subsection (a) of K.S.A. 50-636 and amendments thereto, whichever is greater; for pre- and post-judgment interest at the statutory rate; for costs; for attorneys' fees; and for such other relief as the Court deems just a proper.

### Count Four – Deceptive Acts and Practices
### in Violation of the Kansas Consumer Protection Act

37.     All the foregoing paragraphs are incorporated by reference.

38.     Plaintiff Griffitts and Plaintiff Coder are "consumers" as that term is defined by K.S.A. 50-264(b).

39.     CNH is a "supplier" as that term is defined by K.S.A. 50-264(l).

40.     Each of the Plaintiffs' purchases of the five (5) aforementioned New Holland T8 tractors was a "consumer transaction" as that terms is defined by K.S.A. 50-264(c).

41.     In connection with that consumer transaction, CNH engaged in the following deceptive acts and practices:

a.      Knowingly represented that the tractors were of a particular standard, quality, grade, style or model, though they were of another which differs materially from the representation; and

6

**EXHIBIT A**

b.  Knowingly representing that the tractors had uses, benefits, or characteristics that they did not have or that were unsubstantiated by proof.

42.  As a result of these deceptive acts and practices, Plaintiff Griffitts and Plaintiff Coder have suffered damages in excess of $75,000.

**WHEREFORE,** the Plaintiffs pray for an order that the Defendant pay damages or a civil penalty as provided in subsection (a) of K.S.A. 50-636 and amendments thereto, whichever is greater; for pre- and post-judgment interest at the statutory rate; for costs; for attorneys' fees; and for such other relief as the Court deems just a proper.

## REQUEST FOR JURY TRIAL

The Plaintiffs hereby request trial by jury of the above-captioned matter.

Respectfully submitted,

JOSEPH, HOLLANDER & CRAFT, LLC
*Attorneys for the Plaintiffs*

/s/ Diane L. Bellquist
Diane L. Bellquist, #20969
1508 SW Topeka Blvd.
Topeka, Kansas 66612
Tel: (785) 234-3272
Fax: (785) 234-3610
dbellquist@josephhollander.com

**EXHIBIT A**

## VERIFICATION

Tim Coder declares the following: I have read the above Petition, know and understands its contents. The statements and allegations contained therein are true and correct according to my knowledge, information and belief.

I declare under the penalty of perjury the foregoing is true and correct. Executed on May __14__, 2018

_Tim Coder_
Tim Coder

8

**EXHIBIT A**

ELECTRONICALLY FILED
2018 May 21 PM 3:12
CLERK OF THE ATCHISON COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000040

CASE NO: 2018-CV-40

SERVICE ON:

| | | |
|---|---|---|
| Griffitts & Coder Custom | CNH Industrial America LLC | |
| Chopping, LLC et al. | c/o The Corporation Company, Inc. | Atchison County |
| vs. | 112 SW 7th Street, Suite 3C | District Court |
| CNH Industrial America LLC | Topeka, Kansas 66603 | |

## RETURN OF SERVICE

I hereby certify that I have served this Summons with the foregoing documents: Petition

1. **Personal Service.** By delivering a copy of such document to the above named party on the dated indicated: _____ (Date).

2. **Residence Service.** By leaving a copy of such document at the usual place of residence of the above named party with a person of suitable age and discretion residing therein on the date indicated: _____ (Name) _____ (Date).

3. **Agent Service.** By delivering a copy of such document to the following agent authorized by appointment or by law to receive service of process on the date indicated: _____ (Agent Name) _____ (Date).

4. **Residence Service and Mailing.** By leaving a copy of such document at the usual place of residence of the above named party and mailing by first-class mail on the date indicated: _____ (date).

5. **Service by Return Receipt Delivery.** By causing to be delivered on 5-16-2018, a copy of such document by return receipt deliver to the above named party at the above address with such delivery made by the following person or entity: Denise Rookstool (Name) attached hereto is a copy of the return receipt evidencing such delivery.

6. **Return Receipt Refused.** By mailing a copy of such document by first-class mail, postage prepaid, addressed to the above named party at the above address on the date indicated: _____ (date).

7. **Facsimile:** By faxing a copy of such document to the above named party on the date indicated: _____ (date) at _____:_____ am/pm _____ _____
   (number of transmitting machine) (number of receiving machine)

8. **Avoidance of Service.** After diligent effort, I am satisfied that the above named party is secreting themselves in order to avoid the process of the Court.

9. **No Service.** The following above named was not served.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 5-21-2018.

__/s/ Christina Forshee_____
Signature of Process Servicer

__Christina Forshee_____
Printed Name of Process Server

Diane L. Bellquist #20969
Joseph, Hollander & Craft, LLC
1508 SW Topeka Boulevard
Topeka, Kansas 66612

Case No. 2018-CV-40

**EXHIBIT A**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse<br>so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br>or on the front if space permits. | A. Signature<br>X  DENISE    ROOKSTOOL    □ Agent<br>□ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery  5/16/18 |
| 1. Article Addressed to:<br><br>CNH Industrial America LLC<br>C/O The Corporation Company Inc<br>112 SW 7th St., Suite 3C<br>Topeka, KS 66603 | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3383 7227 6122 06

| 3. Service Type | |
|---|---|
| □ Adult Signature | □ Priority Mail Express® |
| □ Adult Signature Restricted Delivery | □ Registered Mail™ |
| ☑ Certified Mail® | □ Registered Mail Restricted Delivery |
| □ Certified Mail Restricted Delivery | ☑ Return Receipt for Merchandise |
| □ Collect on Delivery | □ Signature Confirmation™ |
| □ Collect on Delivery Restricted Delivery | □ Signature Confirmation Restricted Delivery |
| □ Insured Mail | |
| □ Insured Mail Restricted Delivery | |

2. Article Number (*Transfer from service label*)

7013 3020 0000 7967 1444

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**EXHIBIT A**