## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRIFFITTS & CODER CUSTOM CHOPPING, LLC, BRADLEY A. GRIFFITTS, and TIMOTHY L. CODER, | ) ) ) ) ) Case No. 2:18-cv-02300 |
| Plaintiffs, | ) ) |
| v. | ) Removed from District Court of ) Atchison County, Kansas |
| CNH INDUSTRIAL AMERICA LLC, | ) ) |
| Defendant. | ) Atchison County ) Case No. 2018-CV-000040 |

### DEFENDANT CNH INDUSTRIAL AMERICA LLC'S ANSWER AND AFFIRMATIVE DEFENSES OF TO PLAINTIFF'S PETITION

Defendant CNH Industrial America LLC ("CNH" or "Defendant") submits this Answer and these Affirmative Defenses to the Petition that was filed by Plaintiffs Griffitts & Coder Custom Chopping, LLC ("G&C"), Bradley A. Griffitts ("Griffitts"), and Timothy L. Coder ("Coder") (collectively, "Plaintiffs") on May 14, 2018.

1. CNH admits the allegations in paragraph 1 of the Petition based on information contained on the website for the Kansas Secretary of State's Office.

2. CNH admits the allegations in paragraph 2 of the Petition based on information contained on the website for the Kansas Secretary of State's Office.

3. CNH admits the allegations in paragraph 3 of the Petition.

4. CNH admits the allegations in paragraph 4 of the Petition.

5. CNH admits the allegations in paragraph 5 of the Petition.

6. CNH admits the allegations in paragraph 6 of the Petition.

7. CNH admits the allegations in paragraph 7 of the Petition.

8. In response to the allegations in paragraph 8 of the Petition, CNH admits that in late January 2016, Plaintiffs signed two Commercial Equipment Lease Agreements with purchase options at the conclusion of the three-year lease terms for two (2) new 2016 New Holland T8.380 Auto Command tractors. CNH further admits that Plaintiffs obtained financing through AgDirect/Farm Credit Leasing Services Corporation for these two leases. CNH denies all remaining allegations in paragraph 8 of the Petition.

9. In response to the allegations in paragraph 9 of the Petition, CNH admits that in late March 2016, Plaintiffs signed a Commercial Equipment Lease Agreement with a purchase option at the conclusion of the three-year lease term for a new 2015 New Holland T8.435 Auto Command tractor. CNH denies all remaining allegations in paragraph 9 of the Petition.

10. In response to the allegations in paragraph 10 of the Petition, CNH admits that in early May 2016, Plaintiffs signed two Commercial Equipment Lease Agreements with purchase options at the conclusion of the three-year lease terms for two (2) new 2016 New Holland T8.380 Powershift tractors. CNH denies all remaining allegations in paragraph 10 of the Petition.

11. In response to the allegations in paragraph 11 of the Petition, CNH admits that as part of the execution of the five Commercial Equipment Lease Agreements referenced above, Plaintiffs signed a Warranty and Limitation of Liability Agreement for New Holland Agricultural Equipment ("WLL Agreement") for each of the five (5) New Holland tractors leased by Plaintiffs (collectively, "the Tractors"). CNH denies all remaining allegations in paragraph 11 of the Petition.

12. In response to the allegations in paragraph 12 of the Petition, CNH admits that as part of the execution of the five Commercial Equipment Lease Agreements referenced above,

Plaintiffs and the dealer both signed a WLL Agreement for each of the Tractors. CNH denies all remaining allegations in paragraph 12 of the Petition.

13. In response to the allegations in paragraph 13 of the Petition, CNH admits that its written marketing materials, which speak for themselves, indicate that New Holland T8 tractors have precision farming and guidance systems. CNH denies all remaining allegations in paragraph 13 of Plaintiff's Petition.

14. CNH denies the allegations in paragraph 14 of the Petition.

15. CNH denies the allegations in paragraph 15 of the Petition.

16. CNH denies the allegations in paragraph 16 of the Petition.

17. In response to the allegations in paragraph 17 of the Petition, CNH admits that Plaintiffs signed Commercial Equipment Lease Agreements with purchase options at the conclusion of the three-year lease terms for the Tractors, and that Plaintiffs obtained financing through AgDirect/Farm Credit Leasing Services Corporation for these five leases. CNH further admits that Plaintiffs and the dealer both signed a WLL Agreement for each of the Tractors. The remaining allegations in paragraph 17 of the Petition contain conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

18. CNH denies the allegations in paragraph 18 of the Petition.

**Plaintiffs' Count One – Breach of Express Warranty**

19. In response to the allegations in paragraph 19 of the Petition, CNH incorporates by reference paragraphs 1 to 18 above.

20. Paragraph 20 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

21. Paragraph 21 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

22. CNH denies the allegations in paragraph 22 of the Petition.

23. CNH denies the allegations in paragraph 23 of the Petition and also denies the allegations in the WHEREFORE paragraph following paragraph 23 of the Petition.

**Plaintiffs' Count Two – Breach of Implied Warranty of Merchantability**

24. In response to the allegations in paragraph 24 of the Petition, CNH incorporates by reference paragraphs 1 to 23 above.

25. Paragraph 25 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

26. In response to paragraph 26 of the Petition, CNH admits that it sells New Holland equipment, including the T8 tractors sold to Plaintiff.

27. CNH denies the allegations in paragraph 27 of the Petition.

28. CNH denies the allegations in paragraph 28 of the Petition.

29. CNH denies the allegations in paragraph 29 of the Petition.

30. CNH denies the allegations in paragraph 30 of the Petition and also denies the allegations in the WHEREFORE paragraph following paragraph 30 of the Petition.

**Plaintiffs' Count Three – Unconscionable Acts and Practices
in Violation of the Kansas Consumer Protection Act**

31. In response to the allegations in paragraph 31 of the Petition, CNH incorporates by reference paragraphs 1 to 30 above.

32. Paragraph 32 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

33. Paragraph 33 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

34. Paragraph 34 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

35. CNH denies the allegations in paragraph 35 of the Petition.

36. CNH denies the allegations in paragraph 36 of the Petition and also denies the allegations in the WHEREFORE paragraph following paragraph 36 of the Petition.

**Plaintiffs' Count Four – Deceptive Acts and Practices
in Violation of the Kansas Consumer Protection Act**

37. In response to the allegations in paragraph 37 of the Petition, CNH incorporates by reference paragraphs 1 to 36 above.

38. Paragraph 38 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

39. Paragraph 39 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

40. Paragraph 40 of the Petition contains conclusions of law to which a response is not required. To the extent that a response is required, CNH denies the same.

41. CNH denies the allegations in paragraph 41 of the Petition.

42. CNH denies the allegations in paragraph 42 of the Petition and also denies the allegations in the WHEREFORE paragraph following paragraph 42 of the Petition.

43. In response to Plaintiff's prayer for judgment, money damages, declaratory judgment, costs, attorney's fees, and other relief, CNH denies the same in their entirety.

## AFFIRMATIVE DEFENSES

1. CNH denies each and every allegation asserted in the Petition that is not specifically admitted above.

2. Plaintiffs' Petition fails, in whole or in part, to state any cause of action or claim against CNH upon which relief can be granted and, therefore, should be dismissed.

3. CNH denies the nature and extent of Plaintiffs' alleged damages and places Plaintiff on strict proof of those alleged damages. Among other things, because CNH and/or one of its authorized dealers provided Plaintiffs with multiple loaner tractors over the past two years, including during time periods when all five of the Tractors were in operation, Plaintiffs suffered no damages whatsoever related to the Tractors.

4. The damages allegedly suffered by Plaintiffs were caused, in whole or in part, by the actions of Plaintiffs and/or Plaintiffs' agents, and, therefore, Plaintiffs' claims against CNH should be barred or proportionally reduced by said acts and conduct.

5. The damages allegedly suffered by Plaintiffs were caused, in whole or in part, by the acts and conduct of other parties not under the control of CNH and whose acts and conduct CNH did not have reason to anticipate, and, therefore, Plaintiffs' claims against CNH should be barred or proportionally reduced by said acts and conduct.

6. Plaintiffs' damages, if any, may have been proximately caused by Plaintiffs' or another party's misuse, abuse, negligence, substantial alteration, damage, accident, and/or failure to maintain and repair of the product, which was not reasonably foreseeable and which would bar recovery by Plaintiffs against CNH.

7. Any damage to Plaintiffs was caused by the negligence and/or fault of Plaintiffs and/or others and not by any alleged negligence and/or fault of CNH. Any negligence and/or

fault attributed to CNH must be compared to the negligence and/or fault of Plaintiffs or others pursuant to K.S.A. § 60-258a, and any damages awarded against CNH, if any, should be reduced proportionally. CNH specifically denies that it was at fault in any manner related to Plaintiffs' claims in this lawsuit.

8. Plaintiffs' warranty claims against CNH may be barred by lack of privity.

9. Any warranties by CNH may be vitiated by Plaintiffs' misuse of the product.

10. CNH's liability and Plaintiffs' recovery, if any, are limited by the terms of the written warranty and any other agreements, including but not limited to the Warranty and Limitation of Liability Agreements and the Commercial Equipment Lease Agreements, that covered the Tractors or as otherwise provided by law.

11. CNH made no false or deceptive statements to Plaintiffs and committed no unconscionable or deceptive acts related to Plaintiffs.

12. Plaintiffs' claims against CNH fail as CNH did not breach any alleged duties owed to Plaintiffs.

13. If the facts establish that there exists no proximate causation or causation in fact between any alleged acts or alleged breach of duty by CNH and Plaintiffs' alleged damages, or if there was an intervening cause and/or superseding event, then all or part of Plaintiffs' claims must be barred.

14. CNH is entitled to the benefit of all defenses and presumptions that may arise on grounds that the design, manufacture, testing, inspection, warnings, and/or instructions which may be the subject of the Petition were in conformity with the generally recognized, reasonably available, and reliable state of the art and prevailing standards in the industry at the time the product was manufactured.

15. All or part of Plaintiffs' claims may be barred by the applicable statute of limitations and/or statute of frauds.

16. Plaintiffs failed to mitigate their damages, if any. Specifically, CNH contacted or attempted to contact Plaintiffs in order to schedule installation of fixes to potential software glitches on the guidance systems of the Tractors and Plaintiffs either failed to respond to CNH or expressly advised that CNH cannot come on Plaintiffs' property and/or work on the Tractors.

17. CNH relies upon all presumptions, limitations upon recovery, defenses, and evidentiary rules contained in, or arising from, the Kansas Uniform Commercial Code, pursuant to K.S.A. § 84-1-101, *et seq.*

18. CNH relies upon all presumptions, limitations upon recovery, defenses, and evidentiary rules contained in, or arising from, the Kansas Product Liability Act, pursuant to K.S.A. § 60-3301, *et seq.*

19. CNH relies upon all presumptions, limitations upon recovery, defenses, and evidentiary rules contained in, or arising from, the Kansas Consumer Protection Act, pursuant to K.S.A. § 50-623, *et seq.*

20. CNH denies that the Tractors were defective in any way when they left CNH's control, or at the time of the allegations in this lawsuit.

21. CNH is entitled to a reduction of and/or setoff to any judgment against it in the amount of any settlement or benefits paid or to be paid by any other person or entity pursuant to the principles of equitable indemnity, comparative contribution, and any applicable contribution or apportionment statute, law, or policy in Kansas.

22. Plaintiffs' claims are barred by the doctrines of laches, waiver, release, estoppel, and/or accord and satisfaction.

23. CNH asserts spoliation of evidence as an affirmative defense, if and to the extent that Plaintiffs failed to retain all relevant evidence and failed to maintain chain of custody of the evidence.

24. CNH complied with all municipal, county, state, and federal statutes, regulations, ordinances, and codes with respect to the Tractors at issue in this case.

25. CNH reserves, and expressly does not waive, any contractual right to contribution and/or indemnity against any third party related to the damages claimed by Plaintiff in this lawsuit.

26. CNH reserves the right to amend its Answer and to add any other defenses (affirmative or otherwise) and make appropriate counterclaims, cross claims, and/or third party claims that may be discerned to be applicable after further discovery and in accordance with pretrial deadlines.

WHEREFORE, Defendant CNH Industrial America LLC requests that Plaintiffs' Petition be dismissed with prejudice, that judgment be entered in its favor and against Plaintiffs, that Plaintiffs take nothing as a result of their Petition, and that CNH recover its costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Patrick A. Edwards*
Patrick A. Edwards, KS #24553
STINSON LEONARD STREET LLP
1625 N. Waterfront Pkwy, Suite 300
Wichita, KS 67206-6620
Phone: (316) 268-7938
Fax: (316) 268-9792
patrick.edwards@stinson.com

*Counsel for Defendant CNH Industrial America LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2018, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. The following individuals were also served by email:

Diane L. Bellquist, #20969
JOSEPH, HOLLANDER & CRAFT, LLC
1508 SW Topeka Boulevard
Topeka, Kansas 66612
Phone: (785) 234-3272
Fax: (785) 234-3610
dbellquist@josephhollander.com
*Attorney for Plaintiffs*

/s/ Patrick A. Edwards

140206910.2